## A. C. FLOWERS v. STATE.

No. A-2338.   Opinion Filed September 8, 1915.

(155 Pac. 904.)

1.   APPEAL—Weight of Evidence.   The credibility of witnesses, and the weight to be given their testimony, are matters for the determination of the jury, and to reverse a judgment on the ground that the verdict is contrary to the evidence, this court must find as a matter of law that the evidence was insufficient to warrant the jury in finding the defendant guilty.

2.   INTOXICATING LIQUORS—Prosecution—Evidence—Sufficiency. In a prosecution for the unlawful sale of intoxicating liquor, the evidence examined and held sufficient to sustain the conviction.

*Appeal from County Court, Stephens County;*
*J. W. Marshall, Judge.*

A. C. Flowers, convicted of a violation of the prohibitory law, appeals.   Affirmed.

*Womack & Brown,* for plaintiff in error.

·*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   The plaintiff in error was convicted in the County Court of Stephens county on an information charging that he did sell, barter and give away four and one-half pints of intoxicating liquor to one, D. W. Riddles.   Judgment was rendered on July 23, 1914, and he was sentenced to pay a fine of $500.00 and to be confined in the county jail for a period of ninety days.   On September 17, 1914, he filed his petition in error and case-made with the clerk of this court.

The only question necessary to be considered is the sufficiency of the evidence to sustain the conviction.   Mrs. M. E. Riddles testified that she was the wife of D. W. Riddles; that her husband was a consumptive, but sometimes was able to be up and about; that the defendant, Flowers, furnished him whisky several times

and he sold it; that on the date charged, Flowers called at their house in Duncan, and went into the kitchen and there left four bottles of whiskey in the kitchen cabinet. The defendant, as a witness in his own behalf, denied that he ever carried any whiskey to Mrs. Riddles' house, and stated that he was never at her place but one time.

In our opinion, there is sufficient evidence in this case to sustain the verdict and judgment of conviction. It was for the jury to determine which witness was worthy of belief. The jury had the witnesses before them, and could see their manner of testifying, and they no doubt in determining the truth, took into consideration all the attending circumstances of the case. Finding no error in the record which in our opinion demands or would justify this court in setting aside this conviction, the judgment herein is affirmed.

FURMAN and ARMSTRONG, JJ., concur.